**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARVIN ORLANDO JACOBO XIL,** | **Civil Action No.  26-601 (MCA)** |
| **Petitioner,** | |
| **v.** | **ORDER** |
| **ERIC ROKOSKY, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on a Petition for a writ of habeas corpus, a motion to file an Amended Petition (ECF Nos. 1, 5), and a request for an Order to Show Cause.  (ECF No. 2.)  The Court previously granted Petitioner's TRO Motion seeking to enjoin his transfer or removal during this proceeding, and that Order remains in effect.[1]  (ECF Nos. 3-4.)   For the reasons explained below, the motion to amend and request for an OTSC are GRANTED (ECF Nos. 5, 2); by Monday, March 2, 2026 at 10 a.m., Respondents shall SHOW CAUSE why the Court should not order Petitioner's release under reasonable conditions.

In the Amended Petition, Petitioner, a citizen of Guatemala, alleges that he was arrested by Immigration and Customs Enforcement despite having Special Juvenile Immigrant Status ("SIJ"), deferred status, work authorization, and no criminal history.  (ECF No. 5, Petition at ¶¶ 1-4, 25-29.)  Specifically, on November 15, 2023, the New Jersey Superior Court, Family Part issued findings that he had been abandoned and could not return to Guatemala because there was

---

[1] Petitioner's counsel subsequently filed a letter notifying the Court that Petitioner had a removal proceeding scheduled in the Immigration Court for February 23, 2025.  (ECF No. 6.)

no one there to care for him. (*Id.* at ¶ 3.) Based on these findings, Petitioner applied for SIJ classification and USCIS approved his Form I-360 and granted him deferred action from February 2, 2024 through February 2028. (*Id.* at ¶¶ 2, 26-27.) He also has employment authorization and has remained physically present in the United States. (*Id.*) Although he had lawful status and no criminal history, he was detained without a warrant on January 12, 2026, while walking to his car and has not been provided with a bond hearing. (*Id.* at ¶¶ 4-5, 28-29.) Petitioner argues that his detention violates the Fifth Amendment, the INA, the Administrative Procedures Act ("APA"), and the Accardi Doctrine.[2] (*See* Am. Pet. at pp. 14-18.)

In a recent decision, *Sarmiento v. Perry*, 2026 WL 131917 (E.D. Va. Jan. 19, 2026), the District Court for the Eastern District of Virginia concluded that Respondents' rescission of Petitioner's SIJ-based deferred action violated the APA and that Petitioner's continued detention violated his due process rights and ordered his release. *See* 2026 WL 131917 at *6-10 (finding that immediate release is the appropriate remedy to cure the due process violation and restore the status quo); *see also Leon v. Noem*, No. 25-1495, 2025 WL 4113562, at *3 (W.D. La. Oct. 30, 2025) (ordering Respondents to release Petitioner with SIJ status and deferred action); *see also Primero v. Mattivelo*, No. 25-cv-11442, 2025 WL 1899115, at *4-5 (D. Mass. July 9, 2025) (holding that petitioner's valid grant of deferred action precluded his detention and removal from the United States and ordering a bond hearing).

The Court finds these decisions persuasive and therefore orders Respondents to SHOW CAUSE why it should not order Petitioner's release under reasonable conditions.

**IT IS THEREFORE**, on this <u>26th</u> day of February 2026,

---

[2] Petitioner has also filed a status update, which indicates that he is in removal proceedings with a hearing scheduled for February 23, 2026. (ECF No. 6.)

**ORDERED that the Court's Prior Text Order (ECF No. 4), which temporarily enjoins Respondents from transferring Petitioner from this District or removing him from the United States REMAINS IN EFFECT pending further order of the Court;** the Clerk of the Court shall TERMINATE the TRO Motion pending at ECF No. 3; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address:  USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED that the Motions to Amend and for an OTSC are GRANTED (ECF Nos. 5, 2); Respondents shall SHOW CAUSE why the Court should not order Petitioner's release under reasonable conditions; it is further**

**ORDERED that Respondents shall file an expedited answer to the Amended Petition by Monday March 2, 2026 at 10 a.m.; the response shall address the allegations in the Amended Petition paragraph by paragraph and set forth the statutory and legal authority for Petitioner's arrest and detention and raise any affirmative defenses; and it is further**

**ORDERED that the expedited answer must include the following documents/records from Petitioner's immigration file as exhibits: 1.) all records related to Petitioner's arrest**

3

and detention, including any administrative or judicial warrants; 3) all records related to his removal proceedings; 3) all records related to bond proceedings (including bond transcripts); and 4.) all USCIS and DHS records related to his SIJ status and deferred action; the immigration file shall also be accompanied by a certification from a person with knowledge who shall appear as a witness should the Court schedule a hearing; **Failure to comply with this Order will result in Petitioner's release from custody**; and it is further

ORDERED that, if necessary, Petitioner may submit a reply brief with any additional supporting arguments and evidence by Wednesday, March 4, 2026 at 10 a.m.


*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**